Ishmael JAFFREE, et al.,
Plaintiffs-Appellants,

v.

George C. WALLACE, et al.,
Defendants-Appellees,

Douglas T. Smith, et al., Intervenors.

Ishmael JAFFREE, et al.,
Plaintiffs-Appellants,

v.

BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, et al.,
Defendants-Appellees,

Douglas T. Smith, et al., Intervenors.

Nos. 83-7046, 83-7047.

United States Court of Appeals,
Eleventh Circuit.

Aug. 15, 1983.

Ronnie L. Williams, Mobile, Ala., for plaintiffs-appellants.

Jack D. Novik, ACLU, New York City, for amici curiae.

Charles S. Coody, Counsel Dir., Div. of Legal Services, Dept. of Educ., Montgomery, Ala., for Tyson, Creel, Cherry, Higginbotham, Poole, Martin, Allen & Roberts.

Bob Sherling, Mobile, Ala., for intervenors.

John S. Baker, LSU Law Center, Baton Rouge, La., for Governor Wallace.

Robert C. Campbell, III, Mobile, Ala., for defendant-appellee, Bd. of School Commissioners of Mobile County, et al.

Thomas O. Kotouc, Montgomery, Ala., for intervenors-McHenry, et al.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before HATCHETT and CLARK, Circuit Judges, and SCOTT *, District Judge.

PER CURIAM:

The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is also DENIED.

RONEY, Circuit Judge, with whom TJO-FLAT, HILL, and FAY, Circuit Judges, join dissenting:

I respectfully dissent from the denial of en banc reconsideration of the panel decision insofar as it held Ala.Code § 16–1–20.1 (Supp.1982) unconstitutional under the Establishment Clause. The Alabama statute authorizes a teacher to observe a moment of silence for "meditation or voluntary prayer."[1] The case is worthy of en banc consideration under Fed.R.App.P. 35 for several reasons.

First, the case involves not only the constitutional rights of all the public school children in Alabama, but its significance transcends one state and one statute. According to a recent student law review Note, at least eighteen states have enacted similar laws permitting daily moments of silence in public schools. Note, *Daily Moments of Silence in Public Schools: A Constitutional Analysis,* 58 N.Y.U.L.Rev. 364, 372 & n. 44 (1983). Among these are not only Alabama, but also Florida and Georgia, the other two states in this Circuit. Fla. Stat.Ann. § 233.062(2) (West Supp.1983); Off.Code of Ga.Ann. §§ 20–2–1050—1051 (1982).

Second, the issue has not been heretofore definitively resolved. The Supreme Court has never determined the constitutionality of a moment of silence statute. Note, *supra,* 58 N.Y.U.L.Rev. at 368. Nor has there been cited any federal court of appeals decision directly on point. Other district courts that have considered the issue have split. *Compare, e.g., Duffy v. Las Cruces Public Schools,* 557 F.Supp. 1013 (D.N.M.1983) (striking down a New Mexico statute) *and Beck v. McElrath,* 548 F.Supp. 1161 (M.D. Tenn.1982) (striking down a Tennessee statute) *with Gaines v. Anderson,* 421 F.Supp. 337 (D.Mass.1976) (upholding a Massachusetts statute). The importance of this issue and the lack of controlling precedent make en banc review worthwhile.

Third, there is some doubt as to the correctness of the panel opinion. Although a controversial issue, a number of this country's leading constitutional scholars have suggested that moments of silence may be permissible. *See* L. Tribe, *American Constitutional Law* § 14–6, at 829 (1978); Freund, *The Legal Issue, in Religion and the Public Schools* 23 (1965); Choper, *Religion in the Public Schools: A Proposed Constitutional Standard,* 47 Minn.L.Rev. 329, 371 (1963); Kauper, *Prayer, Public Schools and the Supreme Court,* 61 Mich.L. Rev. 1031, 1041 (1963). *Gaines v. Anderson, supra,* was decided by a three-judge district court consisting of First Circuit Chief Judge Coffin and District Judges Murray and Skinner. In considering a virtually identical law the court reasoned:

> the statute as amended permits meditation or prayer without mandating the one or the other. Thus, the effect of the amended statute is to accommodate students who desire to use the minute of silence for prayer or religious meditation, and also other students who prefer to reflect upon secular matters.

421 F.Supp. at 343. That court held unanimously "[t]he fact that the [law as implemented] provides an opportunity for prayer

---

* Honorable Charles R. Scott, U.S. District Judge for the Middle District of Florida, sitting by designation.

1. Section 16–1–20.1 provides:
   At the commencement of the first class of each day in all grades in all public schools, the teacher in charge of the room in which each such class is held may announce that a period of silence not to exceed one minute in duration shall be observed for meditation or voluntary prayer, and during any such period no other activities shall be engaged in.

for those students who desire to pray during the period of silence does not render [it] unconstitutional." *Id.* at 344. One Supreme Court Justice has implied that such a statute would not transcend the constitution. *See School District v. Schempp,* 374 U.S. 203, 281 & n. 57, 83 S.Ct. 1560, 1602 & n. 57, 10 L.Ed.2d 844 (1963) (Brennan, J., concurring).

The testimony of the sponsor of the Alabama law, *Jaffree v. James,* 544 F.Supp. 727, 731 (S.D.Ala.1982) should not be used to invalidate a neutral statute which is both facially and operationally constitutional. As Dean Choper has stated:

> Since each student could utilize this moment of silence for any purpose he saw fit, the activity may not be fairly characterized as solely religious, and since no student would really know the subject of his classmates' reflections, no one could in any way be compelled to alter his thoughts.

Choper, *supra,* 47 Minn.L.Rev. at 371.

However the en banc court might resolve the issue, it is important and sufficiently unsettled to command its attention.